UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ANN ROMERO, | No. 2:19-cv-1465-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 16. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   Background

Plaintiff filed an application for SSI, alleging that she had been disabled since March 28, 2013. Administrative Record ("AR") at 177-85. Her application was denied initially and upon reconsideration. *Id.* at 94-98, 107-12. Thereafter, a hearing was held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 38-58.

/////

1

On October 18, 2018, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1]  *Id.* at 19-29.  The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since May 23, 2016, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: cervical degenerative disc disease, chronic obstructive pulmonary disease, anxiety disorder and major depressive disorder (20 CFR 416.920(c)).

* * *

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasional overhead reaching with both upper extremities, occasional climb, and frequent crawl. She should avoid concentrated exposure to fumes, odors, gases and environments with poor ventilation. She should avoid working at heights and around dangerous machinery. She can perform simple job instructions and tasks with no teamwork with coworkers and occasional public contact (20 CFR 416 416.967(b)).

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1969 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant could perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 23, 2016, the date the application was filed (20 CFR 416.920(g)).

AR at 21-28.

Plaintiff's request for Appeals Council review was denied on June 4, 2019, leaving the ALJ's decision as Commissioner's final decision. *Id.* at 1-6.

II.     Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

*Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>Discussion</u>

Plaintiff's sole argument is that the ALJ erred in rejecting the opinion of Dr. Michael Kinnison. ECF No. 13 at 5-9.

Dr. Kinnison, an examining physician, performed a comprehensive internal medicine evaluation in July 2016. AR 389-393. He diagnosed plaintiff with chronic obstructive pulmonary disease, most likely secondary to tobacco use, and neck and upper back pain, most likely secondary to degenerative arthritis. *Id*. at 392. Based on his examination, Dr. Kinnison opined that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand and walk for up to four hours in an eight-hour workday, sit up to six hours in an eight-hour workday, occasionally climb steps and stairs at her own rate, and frequently crawl and reach forward and overhead. *Id*. at 392-93. It was also his opinion that plaintiff was limited to working around dust, fumes, and gases. *Id*. at 393.

In her decision, the ALJ provided a single sentence addressing her treatment of Dr. Kinnison's examining opinion: "The undersigned has considered the opinion of Dr. Kinnison but as there is no documented abnormalities of gait, light work is consistent with the overall record."

*Id*. at 26. Although the ALJ failed to specify the weight she afforded Dr. Kinnison's opinion, it is apparent that she rejected his opinion that the plaintiff was could only stand and walk up to four hours in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").

The lack of "documented abnormalities of gait" is not a legally sufficient basis for rejecting Dr. Kinnison's opinion regarding plaintiff's walking and standing limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (if an "examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). Dr. Kinnison specifically stated that plaintiff's ability to stand and walk was "limited primarily by her upper back and neck pain, and by her chronic obstructive pulmonary disease." There is nothing in the record to show that a normal gait necessarily negates Dr. Kinnison's findings of upper back and neck pain which, in his medical opinion, result in the limitations on walking or standing that he identified. Accordingly, plaintiff's lack of an abnormal gait says nothing about the reasons identified by Dr. Kinnison for the plaintiff's limitations on walking and standing and does not justify the ALJ's rejection of this portion of Dr. Kinnison's opinion.

Nor does the ALJ's conclusory finding that an RFC of light work is more consistent with the overall record justify the rejection of Dr. Kinnison's examining opinion. Significantly, the ALJ offered no analysis to support the conclusion that Dr. Kinnison' opinion was inconsistent with the overall record. Absent such analysis, this court can only guess as to which parts of plaintiff's medical history the ALJ was referencing. The U.S. Court of Appeals for the Ninth Circuit has held such unsupported conclusions are insufficient:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

/////

*Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Jones v. Astrue*, 503 F. App'x 516, 517 (9th Cir. 2012) ("However, it is not clear whether, in deeming the opinion 'unsupported by objective findings,' the ALJ considered the treatment notes in the record, and if so, what specifically made them insufficient to support the opinion . . . . Accordingly, the ALJ failed to provide 'specific and legitimate reasons supported by substantial evidence in the record' . . . .") (unpublished).

The Commissioner contends that the ALJ properly rejected Dr. Kinnison's opinion because it was inconsistent with plaintiff's treatment notes, which showed normal muscle strength, normal ranges of motion with the exception of her neck, and normal alignment in her back. The Commissioner further argues that the assessed limitations appear to be based on plaintiff's subjective reports, which the ALJ properly discounted. *Id*. at 8. Lastly, the Commissioner argues that Dr. Kinnison's opinions were inconsistent with the non-examining opinions from the state agency medical consultants. *Id*.

The ALJ, however, did not rely on the evidence cited by the Commissioner, nor did she conclude that Dr. Kinnison's opinion relied heavily on plaintiff's subjective complaints. Because this court's review is limited to the rationale provided by the ALJ, the post-hoc rationalizations advanced by the Commissioner cannot justify the ALJ's rejection of Dr. Kinnison's opinion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

Accordingly, the matter must be remanded to allow for proper consideration of the medical evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may

reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close this case.

DATED: September 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE